UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE NOCHECK GROUP, L.L.C.,

Case No. 2:21-cv-11343
District Judge Gershwin A. Drain
Plaintiff,                    Magistrate Judge Anthony P. Patti

v.

SK2 CAPITAL, L.L.C.,

Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF No. 14), DEEMING WITHDRAWN DEFENDANT'S PENDING MOTION TO DISMISS (ECF No. 8), and SETTING DEADLINE FOR ITS AMENDED MOTION TO DISMISS

This lawsuit involves an alleged breach of contract between Michigan and Florida limited liability companies. Currently before the Court is Plaintiff's September 22, 2021 motion for leave to file a first amended complaint (ECF No. 14), by which Plaintiff seeks to address the party-identification and personal jurisdiction issues raised in Defendant's pending July 30, 2021 motion to dismiss (ECF No. 8). Defendant has filed a response, and Plaintiff has filed a reply. (ECF Nos. 20, 21.)

Judge Drain has referred this motion to me for hearing and determination. A video conference hearing was held on October 26, 2021, at which attorneys Karie H. Boylan, Thomas J. Rheaume, Jr., and Trenton D. Tanner appeared. The Court

entertained oral argument on the pending motion, after which the Court issued its ruling from the bench.

For the reasons stated on the record, <u>all of which are incorporated by reference as though fully restated herein</u>, Plaintiff's motion for leave to file a first amended complaint (ECF No. 14) is **GRANTED** in accordance with Fed. R. Civ. P. 15(a)(2) and the factors set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962). Contrary to Defendant's argument, on the face of the proposed amended complaint, Plaintiff 's pleadings would likely withstand a Rule 12(b)(6) motion and, thus, are not futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). Nor do any of the other *Foman* factors weigh against granting leave. Whether it will withstand a motion under Rule 12(b)(2), possibly with discovery and/or an evidentiary hearing on factual issues related to personal jurisdiction, remains to be seen and is for another day.

No later than **Friday, October 29, 2021**, Plaintiff shall file a first amended complaint that is identical to the one proposed (ECF No. 14-1). This ruling is without prejudice to Defendant's right to pursue the identification and personal jurisdiction issues set forth in its previously filed, Fed. R. Civ. P. 12(b)(2) motion

(ECF No. 8).  Pursuant to the stipulation placed upon the record, the pending

motion to dismiss (ECF No. 8) is **DEEMED WITHDRAWN**, and Defendants

shall file any motion to dismiss the forthcoming first amended complaint no later

than **Friday, November 19, 2021**.[1]

       **IT IS SO ORDERED.**

**Dated:**  October 27, 2021

Anthony P. Patti
U.S. MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).