UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE NOCHECK GROUP, LLC,

      Plaintiff,

v.

SK2 CAPITAL, LLC, ET AL.,

      Defendants.

_____/

Case No. 21-cv-11343

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DENYING DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [#27]

### I. INTRODUCTION

On June 8, 2021, Plaintiff The NoCheck Group, LLC ("NoCheck") brought this diversity action against SK2 Capital, Inc., and later SK2 Capital, LLC, (the "Defendants") for allegedly breaching a verbal agreement. ECF No. 23, PageID.484. NoCheck seeks $189,000.00 in monetary damages for work it performed developing Defendants' Paycheck Protection Program ("PPP") loan processing website. *See* ECF No. 23.

Presently before the Court is Defendants' Amended Motion to Dismiss Plaintiff's First Amended Complaint [#27] for lack of personal jurisdiction, filed on November 19, 2021. NoCheck submitted its Response in Opposition on December 17, 2021. *See* ECF No. 29. Defendants filed their Reply brief on

-1-

January 10, 2022.  *See* ECF No. 31.  For the reasons that follow, the Court will DENY Defendants' Amended Motion to Dismiss.

## II. FACTUAL BACKGROUND

Around December 9, 2020, Roger Saad, principal of SK2 Capital, LLC, and SK2 Capital, Inc.,[1] called Charles Kopko, NoCheck's principal.  ECF No. 23, PageID.489.  Defendants sought NoCheck's business "to provide custom software development services" building out a website (the "Website").  *Id.* at PageID.490.  The Website was intended to provide Defendants' clients—self-employed professionals and independent contractors—"assistance processing their PPP loan applications and accepting client payments[.]"  *Id.* at PageID.491.  The parties discussed the Website's buildout logistics throughout December 2020, including that NoCheck "would perform services while in Michigan" as Defendants "provide input and direction" from Florida.  *Id.* at PageID.490.  On December 29, 2020, the parties entered into a verbal agreement for NoCheck to build the Website.  *Id.*

NoCheck contends it performed various duties under the verbal agreement. For example, it provided customer service support for the Website's internal

---

[1] Defendants emphasize that the two SK2 Capital entities are distinct.  SK2 Capital, LLC, "is a sponsor of and principal investor in real estate private equity opportunities" whereas SK2 Capital, Inc., "is a financial services and technology firm[.]" ECF No. 27, PageID.590–591.  Both companies have their principal place of business in Naples, Florida, and both companies share the same CEO.  *Id.* Defendants state that SK2 Capital, Inc., is the company that worked with NoCheck.  *Id.* at PageID.592.

administrative portal, and loan applicants.  *Id.* at PageID.491–492.  NoCheck also added a document signing application, a loan calculator, and "a separate mechanism for Defendants to upload completed applications directly to the [Small Business Administration]."  *Id.* at PageID.492–494.

Defendants asked NoCheck to continue providing Website support in February 2021.  *Id.* at PageID.493.  NoCheck continued working on the Project throughout March 2021, when the Website officially launched.  *Id.* at PageID.494. The parties continued working together until May 2021, when the PPP funding was exhausted.  *Id.* at PageID.495.  The working relationship officially ended when NoCheck sent Defendants a "Notice of Termination and Demand for Payment" letter on May 20, 2021.  ECF No. 23-6, PageID.533.  From January 2021, until May 2021, NoCheck purportedly worked at least 1,641 hours on Defendants' Website.  *Id.* at PageID.496.  NoCheck formerly filed suit in the Eastern District of Michigan on June 8, 2021, after Defendants withheld payment.

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction.  The plaintiff bears the burden of establishing personal jurisdiction.  *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212,

1214 (6th Cir. 1989)).   Plaintiffs facing a Rule 12(b)(2) motion to dismiss "may not stand on [their] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction."  *See GM L.L.C. v. Autel. US Inc.*, No. 14-14864, 2016 U.S. Dist. LEXIS 40902, at *7 (E.D. Mich. Mar. 29, 2016) (internal citation and quotation marks omitted); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

A *prima facie* showing of personal jurisdiction requires plaintiffs "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction."  *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014).  District courts must always construe the facts in the light most favorable to the non-moving party and "may not consider conflicting facts offered by [the moving party]."  *GM L.L.C.*, 2016 U.S. Dist. LEXIS 40902, at *7–*8 (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)).


## IV. DISCUSSION

Defendants seek dismissal of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(2), arguing they lack sufficient minimum contacts with the State of Michigan to support this Court's exercise of personal jurisdiction.  Two forms of personal jurisdiction exist: general and specific.  *See Gerber v. Riordan*, 649 F.3d

514, 517 (6th Cir. 2011) (quoting *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)).   Courts can exercise general jurisdiction over individuals or entities who are present or domiciled in the forum state.   MICH. COMP. LAWS § 600.701. Specific jurisdiction can be exercised over nonresidents who have "minimum contacts" in the state.   *Int'l Show Co. v. Washington*, 326 U.S. 310, 316 (1945). The Court therefore weighs whether it can exert general or specific personal jurisdiction in the present action.

### A. General Jurisdiction

Defendants first argue the Court cannot assert general jurisdiction over them. The Court agrees.   Defendants are not "essentially at home" in the State of Michigan.   *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 919 (2011).   While Plaintiffs argue general jurisdiction can be exerted, the Amended Complaint acknowledges both Defendants are domiciled in Florida.   As *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) observed, corporations are subject to general jurisdiction in their place of domicile.   The Supreme Court expressly rejected the exercise of general jurisdiction wherever a corporation "engages in a substantial, continuous, and systemic course of business" as "unacceptably grasping."   *Id.*   at 138.   The Court thus declines to exercise general jurisdiction over Defendants.

**B. Specific Jurisdiction**

Next, Defendants contend the Court cannot exert specific personal jurisdiction over them either. Defendants "only case-related contact with the state of Michigan" is insufficient for specific jurisdiction purposes, they argue, amounting to "random and fortuitous" connections instead. ECF No. 27, PageID.630. Plaintiff rejects Defendants' framing, stating Defendants created "a 'substantial connection' with" the State of Michigan by contracting with a local company to do business here. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Courts typically engage in a two-step inquiry when determining whether specific jurisdiction exists: (1) analyzing the forum's long-arm statute, and (2) assessing whether the Due Process Clause permits the exercise of personal jurisdiction in a given case. *See Bird*, 289 F.3d at 871; *see also Lak, Inc. v. Deer Creek Enterprises*, 995 F.2d 1293, 1298 (6th Cir. 1989) (recognizing that federal courts must "look to the law of the forum state to determine the district court's '*in personam* jurisdictional reach.'") (quoting *So. Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 375 n.2 (6th Cir. 1968)).

Here, Michigan's long-arm "statute confers on the state courts the maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236

(6th Cir.), *cert denied*, 454 U.S. 893 (1981).  Therefore, "the two [jurisdictional] inquires merge and the Court need only determine whether the assertion of personal jurisdiction … violates constitutional due process." *See Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1988) (internal citation and quotation marks omitted); *see also Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005); *Zellerino v. Roosen*, 118 F. Supp. 3d 946, 950 (E.D. Mich. 2015) ("Under Michigan's long-arm statute, the state's jurisdiction extends to the limits imposed by federal constitutional Due Process requirements, and thus, the two questions become one.") (citations omitted).  As such, Defendants' Motion turns on whether this Court's exercise of personal jurisdiction comports with their federal due process rights.  *Lifestyle Lift Holdings, Inc. v. Prendiville*, 768 F. Supp. 2d 929 (E.D. Mich. 2011) (citing *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150 (6th Cir. 1990)).

Due process demands the following elements established for a court to exercise specific jurisdiction over nonresident defendants: (1) the defendants "must purposefully avail [themselves] of the privilege of acting in the forum state" or cause a consequence to occur there; (2) "the cause of action must arise from the defendants' activities there[;]" and (3) the defendants' actions must "have a substantial enough connection with the forum state to make the exercise of jurisdiction" reasonable.  *See AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549–

50 (6th Cir. 2016) (quoting *Air Prods.*, 503 F.3d at 550). To comply with Due Process, "out-of-state defendants" must "have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing v. Chandrasekhar*, 988 F.3d 889, 904 (6th Cir. 2021) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

The Court agrees that Defendants purposefully availed themselves of this Court's jurisdiction by contracting with Plaintiff for five months. Purposeful availment is the "constitutional touchstone" or personal jurisdiction. *Burger King Corp.*, 471 U.S. at 475. A party avails itself to a state's jurisdiction when a corporation "deliberately directed [its] actions toward the state." *Rice v. Karsch*, 154 F. App'x 454, 460 (6th Cir. 2005). Specific personal jurisdiction is also established when defendants' "efforts are 'purposefully directed' toward residents" of the State, *Burger King Corp.*, 471 U.S. at 476, but "the plaintiff cannot be the only link between the defendant and the forum[.]" *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, NoCheck provided sufficient documentation establishing Defendants not only contracted with them, a Michigan company, but it also conducted business in Michigan as a result of its contract with NoCheck. When Defendants "reached out" and negotiated the work agreement with NoCheck, the parties understood NoCheck would perform the work from Michigan. *See Sullivan v. LG Chem., Ltd.*,

No. 21-11137, 2022 U.S. Dist. LEXIS 26633, at *19 (E.D. Mich. Feb. 14, 2022) (agreeing defendants purposefully availed themselves of Michigan's jurisdiction after reaching out to contract with plaintiff).  NoCheck continued working from Michigan as Defendants sought additional services from them.  Defendants therefore "did not engage in a one-time transaction, but in a continuing business relationship that lasted" many months.  *See Air Prod.*, 503 F.3d at 551.  After Defendants failed to compensate NoCheck for work the parties knew would be performed in Michigan, NoCheck filed suit here.  Thus, NoCheck's action is sufficiently connected to Michigan because it is where Defendants understood NoCheck would work on the Website.  *See Bird*, 289 F.3d at 875 (finding causes of action "at least marginally related to the alleged contacts" between a defendant and forum sufficient for specific jurisdiction).

Defendants suggest their contacts with Michigan are too "random, isolated, or attenuated" to support personal jurisdiction here.  *Walden*, 571, U.S. at 286.  Having "reached out beyond" its home, *Id.*, at 285, Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State[,]"—*i.e.,* contracting with NoCheck to build their Website.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Defendants could have "structured [its] primary conduct" by contracting with a Florida based company instead or drafting a written agreement that included a choice-of-forum clause.  *See World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Yet Defendants took no such steps.  As such, Defendants purposefully availed themselves to this Court's jurisdiction.

In Defendants' view, the Court cannot exert personal jurisdiction because NoCheck's suit is insufficiently linked to Defendants' contacts in Michigan.  ECF No. 27, PageID.599.  Even if Michiganders used Defendants' Website, they argue, NoCheck's "claims do not arise in any way from" Defendants' operating their Website.  ECF No. 31, PageID.727.  NoCheck cites *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017 (2021) in response as authority that a strict causal link between a defendant's forum contacts and the underlying suit is unnecessary for personal jurisdiction purposes.  ECF No. 29, PageID.653.

In *Ford*, the Supreme Court reasoned state courts can exert personal jurisdiction over companies "[w]hen a company like Ford serves a market for a product in a State and that product causes injury in the State to one of its residents[.]"  141 S. Ct. at 2022.  In reaching that conclusion, the Supreme Court clarified its jurisprudence concerning specific jurisdiction.   For instance, the Supreme Court rejected Ford's argument that "[j]urisdiction attaches only if the defendant's forum conduct *gave rise* to the plaintiff's claims." *Id.* at 1026 (internal quotation marks omitted).   Instead, suits that "arise out of *or relate to* the

-10-

defendant's contacts with the forum" permit a court's exercise of specific jurisdiction. *Id.* (emphasis in original) (quoting *Bristol-Myers*, 137 S. Ct. at 1780).

NoCheck's suit "relates to" Defendants' contacts in Michigan because Defendants contracted with NoCheck to perform work there.   Unlike an action unrelated to a defendant's conduct in a state, NoCheck's lawsuit concerns work Defendants contracted them to perform in Michigan, with the added purpose of targeting some Michigan residents as prospective clients.   Collectively, these connections are sufficient under *Ford* for the Court to exercise specific jurisdiction.

Finally, Defendants fall back on the website's "Terms of Use" that provide: "any dispute arising out of or relating to the Terms, the Site or the Services will be subject to the exclusive jurisdiction and venue of the federal and state courts in Collier County, Florida."   ECF No. 31-3, PageID.749.   If NoCheck's lawsuit concerned using the website rather than the preceding agreement to build it, Defendants' argument may hold weight.   But Defendants cite no authority supporting the proposition that a website developer is subsequently bound by the Website's terms and conditions for breach-of-contract claims.   The Court will reject Defendants' final argument.

The "relationship among the defendant[s], the forum, and the litigation" is close enough to establish specific jurisdiction here.   *Walden*, 571 U.S., at 284

(internal quotation marks omitted). Accordingly, the Court will continue exercising specific jurisdiction over Defendants and DENY their Amended Motion to Dismiss.

### V. CONCLUSION

For the reasons discussed herein, the Court will DENY Defendants' Amended Motion to Dismiss Plaintiff's First Amended Complaint [#27].

**IT IS SO ORDERED.**

Dated:  May 4, 2022            /s/ Gershwin A. Drain
                              GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 4, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager